**SCHULER, WOHLT NEON CO. et al. v. JOY THEATRE, Inc. et al.**

No. 12455.

Court of Civil Appeals of Texas. Galveston.

Oct. 23, 1952.

Rehearing Denied Nov. 20, 1952.

Geo. Red and Henry P. Giessel, of Houston, for appellant.

Saulsbury, Skelton, Everton & Bowmer, Byron Skelton, of Temple and Price, Guinn, Wheat & Veltmann and Barnet B. Skelton, of Houston, for appellee H & B Theatres, Inc.

GRAVES, Justice.

This appeal is from an order of the 125th District Court of Harris County, Hon. W. P. Hamblen Jr., Judge, presiding without a jury, sustaining the plea-of-privilege of the appellee, H & B Theaters, Inc., in these terms:

"* * * all matters of fact as well as of law having been submitted to the Court for determination, and the Court, after hearing the evidence adduced at said venue hearing, and having considered the pleadings and argument of counsel, both oral and by written briefs, is of the opinion and finds from the evidence that the law and the facts on the venue question are with the Defendant, H & B Theaters, Inc., and specifically finds from the evidence that at the time of the institution of this suit, service of process on the Defendant, H & B Theaters, Inc., and at the time of the execution and filing of the Plea of Privilege by H & B Theaters, Inc., herein, that the Defendant, H & B Theaters, Inc., was a resident of and domiciled in Bell County, Texas, and did not reside and was not domiciled in Harris County, Texas, and that no exception to exclusive venue in the county of one's residence provided by law exists in said cause, and the Court here now finds from the evidence each and every fact necessary to support this order sustaining the Plea of Privilege of the Defendant, H & B Theaters, Inc.

"It is therefore, ordered, adjudged and decreed, that the Plea of Privilege of the Defendant, H & B Theaters, Inc., be sustained, and that this suit be transferred to .the District Court of Bell County, Texas, at Belton, Texas; * * *"

It further ordered the Clerk of the trial court to make up a transcript of all the orders in such cause and to send them to the Clerk of the District Court of Bell County, Texas, as in compliance with Rule 89 of Texas Rules of Civil Procedure.

The appellants in this Court duly excepted to such judgment and they prosecute the same in this Court upon a transcript and statement of facts brought here by them from such District Court of Harris County.

The appellee in this Court has filed its motion to correct such Statement of Facts as so filed by the appellants by striking these Exhibits therefrom on the ground that they had not been parts of the Exhibits heard by the trial judge in the trial of the case and for that reason that they were not properly parts of the Statement of Facts, as follows:

"1. Exhibit 'F', being what purports to be a certified copy of the Charter of H & B Theaters, Inc.

"2. Exhibit 'G', which purports to be a Certificate from the Secretary of the State of Texas, giving a list of the officers and directors of H & B Theaters, Inc., during the year 1951.

"3. Exhibit 'H', which purports to be a certified copy of the Charter of Joy's Theatres, Inc."

This Court took such motion with the cause on its merits, and has found the appellee's position concerning such Exhibits to be a fact, i. e., that it was by some error or inadvertence that such Exhibits had been first attached to the Statement of Facts, as originally approved by the trial court, and that the judge of such court, the Honorable W. P. Hamblen, Jr., reconsidered the same, and by affidavit,

made by him on the 7th day of July, 1952, thus recited that such Exhibits had not been considered by him upon such trial, nor had they been offered as such at the time of the hearing, to-wit:

"* * * this Court reached the conclusion that plaintiff had failed to prove a prima facie cause of action against the defendants, and for that reason the plea of privilege filed by the defendant should be sustained. The instruments identified as Exhibits F, G and H were completely immaterial to the decision of the case upon that basis and were not considered by the court in reaching such decision.

"No motion was made before this Court to re-open the case for the admission of such exhibits and such exhibits were not offered at the time of the hearing. The Statement of Facts was approved by this Court without actually knowing that the exhibits mentioned were included therein, and that the facts that such exhibits were included in the Statement of Facts was first called to the Court's attention by counsel for appellee, when a motion to correct the Statement of Facts was filed in this cause on June 27th, 1952."

It is, furthermore, apparent from the record that without such Exhibits "F", "G" and "H" and the recitations made therein, the appellants have presented no sustainable defense against the court's order so transferring the cause as against the appellee, H & B Theaters, Inc.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.